IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

BRYCE WADE O'NEIL                          §

v.                                         §          CIVIL ACTION NO. 6:10cv384

DIRECTOR, TDCJ-CID                          §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Bryce O'Neil, proceeding *pro se*, filed this application for the writ of habeas

corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that

the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and

(3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United

States Magistrate Judges.

O'Neil was convicted of two counts of intoxication manslaughter and one count of

intoxication assault, for which he received three 20-year sentences, one of which ran consecutively

to the other two. His direct appeals and state habeas petition were denied, and so he sought federal

habeas corpus relief.

In his federal petition, O'Neil contends that his guilty plea was unknowing and involuntary,

he received ineffective assistance of counsel at trial and on appeal, the state committed fundamental

error by joining two counts in the same indictment, the state court procedures were inadequate to

ensure that he was competent to stand trial, and he was not competent to stand trial because he had

suffered from head trauma resulting in partial amnesia.

The Respondent has been ordered to answer the petition and has filed a motion to dismiss

asserting that the statute of limitations has expired. The record shows that O'Neil's petition for

1

discretionary review was denied as untimely on July 29, 2006, and he first sought state habeas corpus relief on October 7, 2009. O'Neil acknowledges that his petition was untimely but argues that he is entitled to equitable tolling of the statute of limitations because he suffered from partial amnesia and was thus unable to investigate or present his claims in a timely manner. According to O'Neil, he was thrown about 20 feet from the car, resulting in head trauma, and he could not remember who was driving at the time of the accident; he indicated that his amnesia prevented him from remembering pertinent facts about the accident until August of 2009. The Respondent argued that equitable tolling is normally used when the State has actively misled the petitioner about his cause of action or the petitioner is prevented in some extraordinary way from asserting his rights, and that O'Neil's claim of amnesia is speculative and inconcrete, and based on nothing more than O'Neil's own assertion that it is so. The Respondent further notes that at the time that O'Neil pleaded guilty, he said that he had fully recovered from the accident except for reduced functionality in one arm, and the state habeas court rejected O'Neil's contention that he was incompetent to stand trial because he could not remember the crash.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed based upon the expiration of the statute of limitations. After observing that O'Neil's petition was time-barred on its face and that there was no legal basis for tolling, the Magistrate Judge stated that no federal district or appellate court, in any circuit, had held that a claim of amnesia is a valid basis for equitable tolling of the statute of limitations. However, the Fifth Circuit has indicated that a claim of "mental incompetency" could be such a basis.

The Magistrate Judge observed that O'Neil had testified at the sentencing proceeding that he did not suffer a head injury as a result of the crash, and that he did not remember what had happened at the scene but that it came back to him ever since. He said that "I remember everything after I woke up," and that he remembered everything up to the point where he walked out of the door to Papa John's Pizza, and then laying on his back looking up at the stars. During the state habeas proceedings, the trial court observed that O'Neil had initially told law enforcement that another

person had been driving the truck, but when confronted with the fact that this person had been found dead in the truck, seat-belted into the passenger seat, O'Neil admitted that he had been driving. The Magistrate Judge also noted that the state habeas court expressly refused to credit O'Neil's statement that he could not recall if he had been the driver or if he had caused the accident.

Finally, the Magistrate Judge noted that O'Neil claimed that he could not timely pursue habeas corpus relief because of the alleged partial amnesia, which he said prevented him from remembering the details of the accident; however, none of the claims which he raises involve those details. Instead, all of O'Neil's claims concern alleged errors which occurred at trial, and O'Neil makes no claim that his amnesia caused him to forget the events at trial. The Magistrate Judge stated that even if O'Neil could not remember anything which happened from the time that he left Papa John's Pizza to the time that he woke up after the accident, this would not have prevented him from raising every one of the claims in his habeas petition in a timely manner. The Magistrate Judge thus rejected O'Neil's claim to equitable tolling of the statute of limitations.

O'Neil filed objections to the Report of the Magistrate Judge on February 10, 2011. In his objections, O'Neil says that he did not testify that he didn't suffer a head injury and that such testimony would be irrelevant in any case because his claim is that he cannot remember the events of the accident, as a result of either physical or emotional trauma. He also says that the fact that he testified that there was nothing which could affect his ability to think did not mean that he did not suffer amnesia.

Next, O'Neil says that he has consistently said that his amnesia prevented him from investigating the facts of the accident. He says that he was "unable to ascertain that certain facts existed which would entitle him to habeas relief" until August of 2009, but he does not identify these facts, nor does he respond in any way to the fact that the claims which he raised all concern alleged trial errors, not the details of the accident. He says that his primary claim is that he was incompetent at the time of trial, but that this was never inquired into by the state habeas court or the federal court; but makes no showing that he was unaware of his claim of incompetency such that he could not have

filed it in a timely manner. In other words, whether or not O'Neil was aware of the details of the accident prior to August of 2009, he fails to show that he was unaware of his claim of incompetency at the time of sentencing or any time thereafter. As the Magistrate Judge explained, none of O'Neil's claims in his federal petition involve the details of the accident; instead, they involve the events at trial, and O'Neil does not claim that he was ever unable to remember the events of trial. Thus, O'Neil has failed to show that his claim of amnesia should equitably toll the statute of limitations, and his objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Bryce O'Neil is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 16th day of February, 2011.**


_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

4